UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81168-CIV-MARRA

THEODORE WEINER,

Plaintiff,

vs.

THE FEDERAL INSURANCE COMPANY,
and CHUBB & SON, INC., a division of
FEDERAL INSURANCE COMPANY,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Chubb & Son, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (DE 3). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Theodore Weiner ("Plaintiff" "Weiner") brings a three-count Amended Complaint against Defendants The Federal Insurance Company ("Federal Insurance") and Chubb & Son, Inc. ("Chubb") (collectively, "Defendants") for breach of contract (count one), violation of Florida Statutes § 627.421 (count two) and waiver and equitable estoppel (count three). According to the allegations of the First Amended Complaint, Weiner purchased a "Chubb Masterpiece Insurance Policy" (the "policy") from his agent Amanda Cartwright with the Phil Albertz Insurance Agency in or about September of 2008.  (First Am. Compl. ¶ 5.)  The policy covered a number of jewelry items belonging to Weiner.  Ms. Cartwright advised Weiner that if he kept some of the items in a vault, he could obtain a reduced premium. Such items were noted

on the policy as "in-vault." No other conditions regarding the "in-vault" requirement were ever communicated to Weiner, either verbally or in writing. (Id. at ¶ 6.) Weiner renewed the policy in September of 2009 and 2010. (Id. at ¶ 7.) Since the inception of the policy and throughout the renewal policies, Weiner maintained a safety deposit box at a bank and stored the earmarked jewelry in the vault. (Id. at ¶ 8.)

On May 13, 2011, Weiner removed the jewelry from the vault in order to move it to a bank closer to his home. On the way there, one of the envelopes containing the jewelry fell from the passenger seat of the car to the floor. Weiner pulled into the parking lot of a local store, got out of his car, and opened the passenger side door to place the envelopes back on the passenger seat. When Weiner opened the passenger door, unbeknownst to him, one of the envelopes fell out of the car. Weiner left the parking lot, leaving one of the envelopes behind. Upon arriving at his destination, Weiner realized that one of the envelopes was missing and immediately returned to the store to search for the envelope in the parking lot where he parked his car. (Id. at ¶ 9.) Weiner was unable to locate the envelope and immediately reported the loss to the store manager and the local police. (Id. at ¶ 10.) Upon review of the store's surveillance camera, the store manager was able to view the envelope in the parking lot as well as someone picking up the envelope and leaving. The identity of that person could not be determined. (Id. at ¶ 11.)

Subsequently, on May 16, 2011, Weiner notified Ms. Cartwright of the loss and she promptly submitted a notice of claim to Chubb. Chubb then forwarded to Ms. Cartwright the name of the claims adjuster assigned to the matter, which was then forwarded to Weiner. Weiner then called Chubb and verbally submitted a formal claim to Defendants for the lost jewelry, which included nine items, four of which were not subject to the "in-vault" requirement. (Id. at ¶

12.) Defendants paid the claim on the items that did not have the "in-vault" requirement, but denied the claim for the "in-vault" items. The basis for the denial was the requirement contained in pages N-1 through N-5 of the insurance policy which stated, "Itemized jewelry described in the Coverage Summary as 'in-vault' must be kept in a bank vault. There is no coverage for these items while they are out of vault, unless we agree in advance to cover them." (Id. at ¶ 13.)

Upon receiving the denial notice, Weiner reviewed his policy and renewal policies to locate this requirement. Weiner's copies of the policy and renewal policies did not contain these pages nor was he ever made aware of these conditions. He then asked Ms. Cartwright to send him a copy of both the policy and the renewal policies. These copies mirrored the copies that Weiner possessed; i.e., these copies did not contain the provisions of N1-N5 or the notice requirements cited by Defendants. (Id. at ¶ 14.) Weiner then requested a copy of the policy that Defendants relied on and received a copy of a policy citing the provisions. However, such policy is different from the policy and renewal policies delivered to Weiner and his agent. (Id. at ¶ 15.) At no time prior to the denial of the claim did Weiner ever receive a copy of the policy or renewal policy produced by Defendants containing the provision cited. (Id. at ¶ 16.) As a result of Defendants' failure to deliver a correct and complete policy or renewal policy, Weiner was not aware of the provision contained in N1-N5. (Id. at ¶ 17.)

Chubb moves to dismiss the First Amended Complaint, claiming that the First Amended Complaint does not allege that Weiner had a contract with Chubb and there are no allegations supporting a duty owed by Chubb to Weiner. (Mot. at 2-3.) In response, Weiner states that the First Amended Complaint alleges that he purchased an insurance policy from Chubb and also relies upon the policy attached to the First Amended Complaint which he claims shows that

Chubb is a party to the policy. (Resp. at 3-5.)  In reply, Chubb contends that, within the policy itself, the term "Chubb" refers to 18 different insurance companies and the policy is clear that Federal Insurance issued the policy. (Reply at 3-5.)

    II.  <u>Legal Standard</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

III.  Discussion

The parties do not disagree that, in order for a claim to be stated against Chubb, the pleadings and exhibits attached thereto must demonstrate that Chubb was a party to the insurance contract.  Here, the Court has examined the allegations of the First Amended Complaint as well as the exhibits containing the policy at issue in this dispute.  Based on that review, the Court has determined that, in reading the policy as a whole, Federal Insurance issued the policy, not Chubb, and therefore Federal Insurance is the party to the insurance contract.  Specifically, the policy states, under the policy number, that it is "issued by" Federal Insurance.[1]  Cf. Prudential Ins. Co. of Am. v. Latham, 207 So. 2d 733, 735 (Fla. Dist. Ct. App. 1968) ("The facts of issuance of the policy by the company, delivery to the agent, and acceptance by the insured combine to establish the existence of a valid contract of insurance").  Furthermore, under the privacy policy and practices section of the policy, the policy states that the term "Chubb" refers to numerous insurance companies, including Federal Insurance. (Policy, Ex. A-D, G, DE 1.)  As such, the Court rejects Weiner's reliance on various documents throughout the policy which reference "Chubb" in some manner as supporting a finding that Weiner entered into an insurance contract with Chubb.  (Resp. at 3.)

Likewise, the Court is also unpersuaded by Weiner's reliance on the allegation in the First Amended Complaint that he purchased a Chubb insurance policy.  (Resp. at 3 citing First Am. Compl. ¶ 5.)  While it is true that on a motion to dismiss, all the facts set forth in a complaint are to be accepted as true, when attached exhibits to a pleading contradict those allegations, the

---

[1] The Court notes that Federal Insurance's answer admits that it issued the policy to Weiner. (Answer ¶ 6, DE 4.)

exhibits govern.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.") (quotation marks omitted);[2] Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (when attached exhibits contradict the allegations of a pleading, the exhibits govern); see Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  The Court finds that the language of the policy contradicts this allegation made in the First Amended Complaint and therefore the allegation must be disregarded.  Without Chubb being a party to the insurance contract, Plaintiff cannot plead the required elements of any of the claims alleged in the First Amended Complaint. See Friedman v. New York Life Ins. Co., 985 So.2d 56, 58 (Fla. Dist. Ct. App. 2008) (a breach of contract claim requires the existence of a valid contract); ZC Ins. Co. v. Brooks, 847 So. 2d 547, 550 (Fla. Dist. Ct. App. 2003) (Florida Statute § 627.421 requires an insurer to deliver the policy to the insured); Citizens Prop. Ins. Corp. v. Michigan Condominium Assoc., 46 So. 3d 177, 178 (Fla. Dist. Ct. App. 2010) (discussing an insurer's waiver of its right to deny coverage); Bristol West Ins. Co. v. Albertson, 41 So. 3d 378, 380 (Fla. Dist. Ct. App. 2010) (discussing equitable estoppel in insurance context).

      For the foregoing reasons, the Court dismisses the Complaint against Chubb.

---

[2] To the extent Chubb relies upon documents that are not attached to the First Amended Complaint, the Court has disregarded them. See Grossman, 225 F.3d at 1231.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Chubb & Son, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (DE 3) is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of December, 2011.

_____
KENNETH A. MARRA
United States District Judge